**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 10-90096 ORDER |

Filed May 10, 2011

---

**ORDER**

KOZINSKI, Chief Judge:

Complainant makes various allegations against a bankruptcy judge, but failed to certify that her statement of facts was made under penalty of perjury as required by Judicial-Conduct Rule 6(d).

When a complainant fails to make the required certification, "the complaint will be accepted for filing, but it will be reviewed under only Rule 5(b)." Judicial-Conduct Rule 6(d). Rule 5 authorizes the chief judge to identify a complaint when he becomes aware of possible misconduct outside of the formal complaint process. Most often this occurs when the judge learns about possible misconduct through news outlets or other informal sources, but it also authorizes the chief judge to identify a complaint despite noncompliance with Rule 6.

There are important differences between a complaint that is given full review under Rule 11 and one that is reviewed only under Rule 5. When a complaint is dismissed under Rule 11, a complainant has the right to petition the judicial council for review of the disposition. *See* Judicial-Conduct Rule 11(g)(3). A chief judge's decision not to identify a complaint under Rule 5 is unappealable. *See* Commentary on Rule 5. Addition-

ally, whereas Rule 11 requires judges to "prepare a supporting memorandum that sets forth the reasons for the disposition" before dismissing a complaint, no such statement of reasons is required in declining to identify a complaint under Rule 5. An unverified complaint will routinely be dismissed in a one-line order.

Most importantly, while Rule 11 articulates only a limited number of "allowable grounds" for dismissal, Rule 5 leaves the decision to identify a complaint almost entirely to the chief judge's discretion. Under Rule 5, a chief judge is required to identify a complaint only "[i]f the evidence of misconduct is clear and convincing." Judicial-Conduct Rule 5(a). The chief judge has "uncabined discretion" whether to identify a complaint under this rule. *Implementation of the Judicial Conduct and Disability Act of 1980*, 239 F.R.D. 116, 191 (2006) ("Breyer Committee Report").

The commentary on Rule 5 advises against identifying a complaint where "[t]he matter [is] trivial and isolated, based on marginal evidence, or otherwise highly unlikely to lead to a misconduct or disability finding." Commentary on Rule 5. Here, it's clear from the face of the complaint that all of complainant's allegations are merits-related and unsupported. *See* Breyer Committee Report, 239 F.R.D. at 246. Because complainant has provided nothing suggesting that further inquiry is needed, I decline to identify a complaint pursuant to Rule 5.

This order is being published to give notice to other complainants as to the consequences of failing to provide a certification, as required by our misconduct rules.

**DISMISSED**.